**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 3:98-cr-10WS

CHARLES L. YOUNG

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant Charles L. Young who was found guilty by a jury of his peers of one count of bank robbery in violation of Title 18 U.S.C. § 2113 (a) and (d);[1] and one count of using a firearm during the commission of the bank robbery in violation of Title 18 U.S.C. § 924(c)(1).[2] The defendant was sentenced on

---

[1]Title 18 U.S.C. § 2113(a) and (d) provides that:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny – Shall be fined under this title or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

[2]Title 18 U.S.C. § 924(c)(1) provides in pertinent part that "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years;

December 15, 1998, to serve 121 months on the first count and 60 months on the second count, the two terms to run consecutively. Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit in December of 1999.

The defendant has submitted repetitive motions asking this court to reconsider his motion to vacate his sentence, most of which have been denied by the court.[3] On April 22, 2005, the defendant submitted yet another motion to vacate or reduce his sentence pursuant to the provisions of Title 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 599, seeking to have his sentenced reduced by some 24 to 43 months. The petitioner also filed a motion seeking to have this court mandamus itself to grant the defendant's motion. Reduction of the defendant's sentence is a matter of this court's discretion.

The defendant's sentence on the bank robbery count in 1997 was enhanced five levels because of his use of a gun, which, in conjunction with other enhancements not challenged by the defendant, resulted in a offense level of 32. Given his criminal history category of I, the resulting guideline range was 121 to 151 months. If the

---

      (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

      (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

[3] This court's denials of the defendant's motions for reconsideration became the law of the case. *United States v. Becerra*, 155 F.3d 740, 752-52 (5th Cir. 1998). None of his subsequent motions were cognizable in the context of Title 18 U.S.C. § 3582(c)(2) or any other statute. Now, the defendant seeks to reduce his sentence based on a retroactive amendment to the United States Sentencing Guidelines, a matter which this court may consider. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

range had not been enhanced the five levels for use of the gun, then the offense level would have been 27 and the range would have been 78 to 97 months.

The defendant now asks this court to strike the five level gun enhancement. Title 18 U.S.C. § 3582(c)(2) gives this court the discretion to reduce a sentence in the limited situation when the "term of imprisonment [was] based on a sentencing range ... subsequently ... lowered by the Sentencing Commission ... ." Section 1B1.10 of the United States Sentencing Guidelines implements § 3682 and lists the amendments entitled to consideration under this statute. Amendment 599, relied on by the defendant, is listed, thereby making § 3582(c)(2) applicable to amendments occurring after imposition of sentence.

The defendant was sentenced in this cause on December 21, 1998. Since Amendment 599 became effective on November 1, 2000, this amendment may be considered by the court in connection with a request for reduction of sentence. Amendment 599 provides that when a defendant is sentenced on a § 924(c) count and another count, that the court should not apply the five-level firearm enhancement on the underlying count. In *United States v. Gonzalez-Balderas*, 105 F. 3d 981, 982 (5th Cir. 1997), the Court noted that, "[s]ection 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *Id.*, at 18 U.S.C. § 3582(c)(2). The *Gonzalez-Balderas* Court stated that the policy statement applicable to this situation is U.S.S.G. § 1B1.10. Additionally, in *United States v. Whitebird*, 55 F. 3d 1007, 1009 (5th Cir. 1995), the United States Court of Appeals for

3

the Fifth Circuit stated that the "decision whether to reduce [a] sentence is in the sound discretion of the district judge," citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994).  "Thus, said the Fifth Circuit, "we review only for an abuse of that discretion." *United States v. Pardue*, 36 F.3d 429, 430 (5th Cir. 1994).

This court recognizes, pursuant to § 1B1.10(b) of the United States Sentencing Guidelines that this court is to "consider the sentence that it would have imposed" had [the amendment] been in effect at the time the defendant was sentenced.  Other factors this court may consider include the nature and the circumstances of the offense and the history and characteristics of the defendant;  the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant;  the kinds of sentences available;  any pertinent Guidelines policy statement;  and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct.  *See* Title 18 U.S.C. § 3553(a), and *Whitebird*, 55 F.3d at 1009.

The defendant was implicated as one who helped plan the bank robbery, who supplied the masks worn by the perpetrators, who provided one of the vehicles used by the perpetrators to escape after the bank robbery and who was armed in this endeavor.  Moreover, this defendant attempted to obstruct justice by having a co-defendant change her testimony.  In light of the circumstances of this offense, which included the utilization of a minor, 13 years old at the time of the bank robbery, and the need for the sentence in this case to reflect the seriousness of the defendant's crimes, this court is persuaded to adhere to the sentence already imposed in this

case. The defendant's motion for reduction of sentence [**Docket No. 103-1**] is denied. The defendant's motion for mandamus, which is directed to this court and not to the United States Court of Appeals for the Fifth Circuit [**Docket No. 107-1**], is hereby terminated as moot.

      **SO ORDERED** this the 17th day of February, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Criminal No. 3:98-cr-10WS
Order